IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2213-BO

| | |
|---|---|
| PAUL EMORY,<br>        petitioner,<br><br>v.<br><br>WARDEN TRACY JOHNS,<br>        respondent. | O R D E R |

Paul Emory filed this matter as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 30, 2012, petitioner also filed a motion to amend [D.E. 8] which shall be allowed and considered. The matter in its entirety is therefore before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

On May 7, 2003, Emory pleaded guilty to Count One, Possession of a firearm by a convicted felon. United States of America v. Emory, No. 7:03-CR-14-1-BR, [D.E. 13](docket entry indicating no plea agreement). On September 2, 2003, at Emory's sentencing hearing, the court sentenced him to 158 months' imprisonment. Id. at D.E. 17. On June 2, 2005, Emory filed a petition under 28 U.S.C. § 2255. Emory, No. 7:03-CR-14-1-BR, [D.E. 20] On September 26, 3007, the district court dismissed with prejudice the 2255 petition [D.E. 20-44]. In an abundance of caution, the court shall allow the matter to proceed.

Secondly, petitioner has filed a motion for appointment of counsel [D.E. 6]. It is well-established that there is no constitutional right to counsel in civil cases. See Lyles v. Signal, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the

interests of justice so require and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel. The motion for appointment of counsel is DENIED [D.E. 6].

For the reasons stated, the court ALLOWS the motion to amend [D.E. 8] and the Clerk is DIRECTED to maintain management of the action. The motion for appointment of counsel is DENIED [D.E. 6]. The motion to expedite is DENIED as MOOT [D.E. 7]. The motion entitle petitioner's request to waive conflict is MOOT [D.E. 10] given the motion for appointment of counsel is DENIED.

SO ORDERED, this 11 day of May 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE